

**NUMBER 13-07-609-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DUSTIN FITZGERALD,** <span style="float:right">**Appellant,**</span>

**v.**

**THE STATE OF TEXAS,** <span style="float:right">**Appellee.**</span>

---

**On appeal from the 148th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Justice Yañez**

Without the benefit of a plea bargain, appellant, Dustin Fitzgerald, pleaded guilty to

one count of unlawful possession of a firearm by a felon.[1] The trial court sentenced

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon Supp. 2008). Unlawful possession of a firearm by a felon is a third-degree felony. *See id.* at § 46.04(e).

appellant to seven year's imprisonment. The sole issue raised on appeal is whether the punishment assessed by the court during sentencing is disproportionate to the seriousness of the crime in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[2] We affirm.

## I. BACKGROUND

On July 8, 2007, appellant was at his apartment when police officers came to investigate an incident at a neighbor's apartment. Appellant's neighbor had complained to police that he heard a gunshot and that a bullet penetrated his wall. Police asked appellant if they could search his apartment and he consented. The police found a handgun and live ammunition during the search. Appellant had previously been incarcerated for the felony offense of robbery with a dangerous weapon in North Carolina. The offense at issue here occurred less than five years after his release. He pleaded guilty and requested community supervision. The trial court imposed a sentence of seven years, within the statutory range of punishment.[3]

## II. DISPROPORTIONATE PUNISHMENT

Appellant contends that his seven-year sentence is unconstitutionally disproportionate to the severity of his crime, thus violating the Eighth Amendment protection against cruel and unusual punishment.[4] The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather it forbids only

---

[2] U.S. CONST. amend. VIII, XIV.

[3] *See* TEX. PENAL CODE ANN § 12.34 (Vernon 2003) (providing that punishment range for a third-degree felony is imprisonment for a term of two to ten years, plus an optional fine of $10,000).

[4] U.S. CONST. amend. VIII.

2

extreme sentences that are grossly disproportionate.[5] It is applicable to the states by and through the Fourteenth Amendment.[6] The precise contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases.[7] Texas courts have traditionally held that a sentence within the statutory range prescribed by the legislature is not excessive.[8] However, Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration of whether the punishment assessed is within the statute's punishment range.[9]

The State argues that appellant failed to raise an objection at trial regarding cruel and unusual punishment, thus failing to preserve the issue on appeal. We agree.

### III. PRESERVATION OF ERROR

Appellant made no objection to his sentence to the trial court, during sentencing, or in any post-trial motion. He never claimed the sentence was excessive or cruel. In order to preserve an issue for appellate review, a party must present a timely request, objection, or motion to the trial court stating the specific grounds for the objection and obtain a

---

[5] *See Ewing v. California*, 538 U.S. 11, 23 (2003).

[6] *See Robinson v. California*, 370 U.S. 660, 667 (1962).

[7] *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).

[8] *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

[9] *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.).

ruling.[10]  It is well-settled that even constitutional rights may be waived by a failure to object.[11]  Moreover, this Court has held that failing to complain that a sentence is cruel or unusual, either by objection during the punishment phase of the trial or by a motion for a new trial, waives the error.[12]

## IV. Conclusion

Here, appellant neither objected to his sentence nor raised the issue in his motion for new trial.  Therefore, appellant has failed to preserve this issue for review.  Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.  TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 18th day of June, 2009.

---

[10] TEX. R. APP. P. 33.1; *see Trevino,* 174 S.W.3d at 927 (citing *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)).

[11] *See Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)); *see also Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); *Luna v. State*, 70 S.W.3d 354, 359 (Tex. App.–Corpus Christi 2002, pet. ref'd).

[12] *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd).